IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CV-00326-BR

| | |
|---|---|
| THE COUNTRY VINTNER OF NORTH CAROLINA, LLC, | |
| Plaintiff, | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SUGGESTION OF SUBSEQUENTLY DECIDED AUTHORITY |
| v. | |
| E. & J. GALLO WINERY, INC., | |
| Defendant. | |

**COMES NOW** Plaintiff The Country Vintner of North Carolina, LLC ("Country Vintner"), by and through undersigned counsel, and, pursuant to Rule 7.1(e) of this Court's Local Civil Rules, respectfully submits this Memorandum in Opposition to Defendant's Motion to Strike Plaintiff's Suggestion of Newly Decided Authority, filed by Defendant E. & J. Gallo Winery, Inc. ("Gallo").

## FACTUAL BACKGROUND

Pending before the Court is Gallo's Bill of Costs, which seeks the taxation, under 28 U.S.C. § 1920, of $111,397.75, including $110,829.16 for expenses associated with the collection, processing, and searching of electronically-stored information ("ESI"). (*See* Gallo's Bill Costs, ECF No. 123.) Country Vintner objects to Gallo's Bill of Costs and, therefore, on February 3, 2012 submitted a memorandum arguing, among other things, that ESI collection, processing, and searching expenses are not taxable under 28 U.S.C. § 1920. (*See* Country Vintner's Obj., ECF No. 125.) In turn, on February 10, 2012, Gallo filed an opposition memorandum in which it argued that ESI expenses are recoverable. (*See* Gallo's Opp'n Obj., ECF No. 127.) In support of its argument, Gallo cited a handful of district court opinions,

1

including *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, No. 2:07-cv-1294, 2011 U.S. Dist. LEXIS 48847 (W.D. Pa. May 6, 2011). (*See id.* at 21, 23; *see also* ECF No. 127-3 at 80 (appending the *Race Tires* decision).) In accordance with Rule 7.1(f) of this Court's Local Civil Rules, Country Vintner filed a reply on February 24, 2012. (*See* Country Vintner's Reply, ECF No. 128.)

On March 16, 2012, in *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, No. 11-2316, 2012 U.S. App. LEXIS 5511 (3d Cir. Mar. 16, 2012) (publication pending), the U.S. Court of Appeals for the Third Circuit vacated the *Race Tires* district court opinion relied on by Gallo. (*See* Country Vintner's Suggestion New Auth., ECF No. 131.) In its decision, the Third Circuit held that ESI collection, processing, and searching expenses are not taxable under 28 U.S.C. § 1920. On March 21, 2012, Country Vintner filed with the Court a suggestion of this newly decided case because the Third Circuit's opinion reversed a decision that Gallo cited to this Court and because the opinion construes the same statute at issue in Country Vintner's Objection to Gallo's Bill of Costs. (*See id.*)

Gallo filed a "Motion to Strike Plaintiff's Suggestion of Subsequently Decided Authority" on March 22, 2012. Because Country Vintner's filing was proper in accordance with this Court's Rules, Country Vintner opposes Gallo's motion to strike.[1]

---

[1] Country Vintner notes that Gallo's motion to strike was filed without "an accompanying supporting memorandum," as required by Rule 7.1(d) of this Court's Local Rules. This opposition responds to the arguments advanced directly in that motion to strike, to the extent that those arguments constitute Gallo's grounds for its motion. Additionally, Country Vintner notes that a "motion to strike" a suggestion of subsequent authority is, itself, procedurally suspect. *See Deberry v. Learydavis*, No. 1:08CV582, 2009 U.S. Dist. LEXIS 91774, at *5–6 (M.D.N.C. Sept. 30, 2009); *Richmond v. Indalex Inc.*, 308 F. Supp. 648, 653–54 (M.D.N.C. 2004). Nevertheless, this opposition responds to the merits of Gallo's assertions so as not to burden the Court with yet another motion to strike.

# ARGUMENT

Rule 7.1(g) of this Court's Local Civil Rules allows a party advancing or opposing a motion to file a "suggestion of subsequently decided controlling authority, without argument" "at any time prior to the court's ruling." The Rule itself does not define "controlling authority." However, several decisions issued by this Court show that a "controlling authority" is one that construes the same law that the Court must construe in the pending motion. *See Albritton v. Sessoms & Rogers, P.A.*, No. 5:09-CV-321, 2010 U.S. Dist. LEXIS 78371, at *19–20 (E.D.N.C. Aug. 3, 2010); *Time Warner Cable Info. Servs. v. Duncan*, 656 F. Supp. 2d 565, 577 (E.D.N.C. 2009); *Hall v. United Airlines, Inc.*, 296 F. Supp. 2d 652, 663 n.10 (2003).

For example, in *Time Warner*, the court was confronted with summary judgment motions asking it to construe the definition of a particular term under a federal statute. 656 F. Supp. 2d at 572. While the motions were pending, the plaintiff filed, as a suggestion of subsequently decided controlling authority, a decision of the North Carolina Rural Electrification Authority, which applied a particular definition of the disputed term. *Id.* at 577. Even though decisions of state regulatory bodies are not binding on district courts, the court accepted the notice over the defendants' motion to strike. *See id.*; *see also Allbritton*, 2010 U.S. Dist. LEXIS 78371, at *19–20 (denying a motion to strike a suggestion of a subsequently decided *district court* opinion construing the same statute); *Hall*, 296 F. Supp. 2d at 663 n.10 (considering the plaintiff's suggestion of a subsequently decided Eleventh Circuit case while also recognizing that only "Fourth Circuit analysis is binding on the court").

In its motion to strike, Gallo asserts that a "controlling authority" under Rule 7.1(g) must be a *binding* authority, and Gallo cites two cases for its proposition. Neither case, however, makes such a holding. In the first, the court, while confronted with a motion to dismiss based on

3

the interpretation of North Carolina law, denied a party's "motion to supplement" briefing with a district court opinion construing Louisiana law. *Lucarelli v. DVA Renal Healthcare, Inc.*, No. 5:08-CV-146, 2009 U.S. Dist. LEXIS 26396, at *6–8 (E.D.N.C. Mar. 31, 2009). The court denied the motion after noting *both* that the subsequent case was not binding *and* that it involved a different law. *Id.* The second case cited by Gallo is an order that this Court issued in this case. (*See* Order, Apr. 2, 2010, ECF No. 63.) In it, Gallo had attempted to supplement its motion to dismiss Country Vintner's complaint, based on North Carolina's Wine Act, with a "suggestion" of a twelve-year-old Eighth Circuit case construing Minnesota's beer franchise law. (*Id.* at 1 n.1.) The Court rejected Gallo's "suggestion" because "the Eighth Circuit's opinion was issued in 1998, and it is not controlling *as the Eighth Circuit applied Minnesota law*." (*Id.* (emphasis added).) Thus, while both of these cases recognize that an authority construing a different law is not "controlling," neither states that a "controlling authority" must be a *binding* authority.

In this case, the law before the Court on Gallo's Bill of Costs is 28 U.S.C. § 1920. Specifically, the parties dispute whether ESI collection, processing, and searching expenses are taxable as "costs" under subdivision 4 of the statute. In *Race Tires*, the Third Circuit addresses this very question under the same statute and concludes that such costs are not taxable. *See* 2012 U.S. App. LEXIS 5511, at *38–40. Moreover, in doing so, the Third Circuit reversed and vacated a district court opinion that Gallo cited to this Court in its opposition brief. *See id. reversing and vacating* 2011 U.S. Dist. LEXIS 48847.[2] Accordingly, Country Vintner's suggestion of the case to this Court was proper.

---

[2] There is no question that the Third Circuit's opinion is "controlling" over the district court opinion that it reversed.

## **CONCLUSION**

For the reasons stated above, the Court should deny Gallo's motion to strike Country Vintner's Suggestion of Subsequently Decided Authority.

                                              Respectfully submitted,

                                              THE COUNTRY VINTNER
OF NORTH CAROLINA, LLC

                                              By counsel

/s/ Stephen D. Busch
Justin D. Howard, N.C. State Bar No. 31592
M<small>C</small>G<small>UIRE</small>W<small>OODS</small> LLP
2600 Two Hannover Square
Raleigh, North Carolina 27601
Telephone: (919) 755-6600
Facsimile: (919) 755-6699
Email: jhoward@mcguirewoods.com

Stephen D. Busch, Va. State Bar No. 19580
Lisa M. Sharp, Va. State Bar No. 70931
M<small>C</small>G<small>UIRE</small>W<small>OODS</small> LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Telephone: (804) 775-1000
Facsimile: (804) 698-2024
Email: sbusch@mcguirewoods.com
lsharp@mcguirewoods.com

*Counsel for The Country Vintner of
North Carolina, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CV-00326-BR

THE COUNTRY VINTNER OF )
NORTH CAROLINA, LLC, )
 )
               Plaintiff, )
 )
v. )
 )
E. & J. GALLO WINERY, INC., )
 )
               Defendant. )
 )

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    M. Keith Kapp, Esquire
    Jonathan R. Bumgarner, Esquire
    Jennifer Morgan, Esquire
    WILLIAMS MULLEN
    Post Office Box 19764
    Raleigh, North Carolina 27619-9764
    Telephone: (919) 981-4000
    Facsimile: (919) 981-4300
    Email: kkapp@williamsmullen.com
           jbumgarner@williamsmullen.com
           jmorgan@williamsmullen.com
    *Counsel for Defendant E. & J. Gallo Winery, Inc.*

6
Case 5:09-cv-00326-BR   Document 133   Filed 04/10/12   Page 6 of 7

Respectfully submitted,

/s/ Stephen D. Busch
*Counsel for The Country Vintner of North Carolina, LLC*
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Telephone: (804) 775-1000
Facsimile: (804) 698-2024
Email: sbusch@mcguirewoods.com
Va. State Bar No. 19580

\38346377.1