UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-326-BR

| | | |
|---|---|---|
| THE COUNTRY VINTNER OF NORTH CAROLINA, LLC, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| E. & J. GALLO WINERY, INC., | ) ) | |
| Defendant. | ) | |

This matter is before the court on the 20 January 2012 bill of costs (DE # 123) filed by defendant E. & J. Gallo Winery, Inc. ("Gallo"). Also before the court are Gallo's 27 February and 22 March 2012 motions to strike. (DE ## 129, 132.) The matters are ripe for disposition.

## I. BACKGROUND

In this case, plaintiff The Country Vintner of North Carolina, LLC ("Country Vintner") initially asserted three claims against Gallo under the North Carolina Wine Distribution Agreements Act, N.C. Gen. Stat. § 18B-1200 *et seq*. ("Wine Act"), and a claim for unfair and deceptive trade practices. (Compl., DE # 1-2.) On 2 April 2010, this court dismissed Country Vintner's unfair and deceptive trade practices claim. (DE # 63.) On 18 October 2010, Gallo's motion for summary judgment was granted with respect to the remaining Wine Act claims. (DE # 111.)

Gallo filed a bill of costs on 1 November 2010. (DE # 113.) On 16 November 2010, Country Vintner filed a notice of appeal from the final judgment that was entered on 18 October 2010 and from all other adverse rulings in the case. (DE # 115.) The Clerk of Court subsequently denied Gallo's bill of costs without prejudice to renew following the resolution of

Country Vintner's appeal. (DE # 120.) On 6 January 2012, the Fourth Circuit Court of Appeals affirmed this court's judgment in all respects. (DE ## 121, 122.)

Gallo refiled its bill of costs on 20 January 2012. (DE # 123.) Country Vintner filed an objection to the bill of costs on 3 February 2012. (DE # 125.) On 10 February 2012, Gallo filed a memorandum in opposition to Country Vintner's objection to the bill of costs (DE # 127), and Country Vintner filed a reply in support of its objection on 24 February 2012 (DE # 128).

## II. DISCUSSION

A.  Motions to Strike

The court will first address Gallo's motions to strike. On 27 February 2012, Gallo filed a motion to strike Country Vintner's reply in support of its objection to the bill of costs. On 22 March 2012, Gallo also filed a motion to strike Country Vintner's Suggestion of Subsequently Decided Authority. After having fully considered the motions, and for the reasons set forth in Country Vintner's memoranda in opposition to the motions to strike (DE ## 130, 133), the court will deny the motions.[1]

B.  Bill of Costs

The court now turns to Gallo's bill of costs. In this case, Gallo seeks to recover $111,047.75 for the technical, specialized services that were needed in order to "collect, process, preserve, track, copy to digital format, and ultimately produce" the large amount of

---

[1] The court notes that even if Gallo's motions to strike were granted, it would not change the court's ultimate opinion regarding the costs that Gallo is entitled to recover in this action. Furthermore, it would not prevent the court from considering the authority suggested by Country Vintner, Race Tires America, Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158 (3d Cir.), petition for cert. filed, No. 11-1520 (U.S. Jun. 14, 2012), as the court in that case construed the same statutory provision that is at issue with respect to Gallo's bill of costs. See discussion, infra, at 4-5.

electronically stored information ("ESI") that was utilized in the discovery process in this case.[2] (Def.'s Mem. Opp'n Pl.'s Obj. Bill of Costs, DE # 127, at 15.) Federal Rule of Civil Procedure 54(d)(1) allows a prevailing party to recover costs other than attorney's fees. The court has wide latitude to award costs, as long as the costs are enumerated in the general taxation-of-costs statute, 28 U.S.C. § 1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444-45 (1987); Mann v. Heckler & Koch Def., Inc., No. 1:08cv611 (JCC), 2011 WL 1599580, at *1 (E.D. Va. Apr. 28, 2011); Francisco v. Verizon S., Inc., 272 F.R.D. 436, 441 (E.D. Va. 2011). Moreover, the Fourth Circuit Court of Appeals has held that Rule 54(d)(1) creates a presumption that the prevailing party will be awarded costs. Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). The prevailing party bears the burden of showing that its requested costs are allowable under 28 U.S.C. § 1920. Francisco, 272 F.R.D. at 441; Fells v. Va. Dept. of Transp., 605 F. Supp. 2d 740, 742 (E.D. Va. 2009).

Here, neither party disputes that Gallo is the prevailing party or that the disputed costs specifically involve 28 U.S.C. § 1920(4), which permits recovery of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The Fourth Circuit Court of Appeals has not determined whether costs incurred in

---

[2] In particular, Gallo employed Williams Mullen's e-Discovery Center to perform tasks such as the initial processing of ESI obtained from Gallo; extracting metadata from the processing platform to load into the review/production platform; unitizing the electronic documents for searching, reviewing, and production; creating metadata load files; exporting and loading the documents and associated metadata into the review/production platform; converting documents selected for production from native files to a .tif ("TIFF") or .pdf ("PDF") format to render the electronic documents non-editable; endorsing all TIFFs or PDFs with a unique number that allowed all parties to track the document; and copying final, numbered, non-editable images of electronic documents onto CDs for production to opposing counsel. (See Def.'s Mem. Opp'n Pl.'s Obj. Bill of Costs, DE # 127, at 16.)
Furthermore, data technicians at Williams Mullen's e-Discovery Center billed certain project management time to Gallo for processing and producing ESI as part of the discovery process in this matter. This included billed time spent on managing the processing of electronic data obtained from Gallo, conducting quality assurance procedures, analyzing corrupt documents and other errors, and preparing documents for production to opposing counsel. (Id.)

3

relation to the collection, processing, and production of ESI are taxable under § 1920(4). The numerous district courts that have considered this question have reached conflicting results. Compare, e.g., In re Aspartame Antitrust Litig., 817 F. Supp. 2d 608, 615 (E.D. Pa. 2011) (awarding costs "for the creation of a litigation database, storage of data, imaging hard drives, keyword searches, deduplication, data extraction and processing") with Rawal v. United Air Lines, Inc., No. 07 C 5561, 2012 WL 581146, at *2-3 (N.D. Ill. Feb. 22, 2012) (refusing to award electronic processing costs as taxable). (See also Pl.'s Obj. Bill of Costs, DE # 125, at 13 (collecting cases); Def.'s Mem. Opp'n Pl.'s Obj. Bill of Costs, DE # 127, at 20-22 (collecting cases).)

The Third Circuit Court of Appeals recently had occasion to address the issue of whether ESI-related costs are taxable under § 1920(4) in Race Tires America, Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158 (3d Cir.), petition for cert. filed, No. 11-1520 (U.S. Jun. 14, 2012). Although it is not binding authority, the court finds this decision to be persuasive in light of the similarities to the instant matter. Because the Third Circuit's opinion is well-reasoned and thorough, and because it cites with approval district court cases from within the Fourth Circuit that considered the taxability of ESI-related costs,[3] the court adopts the reasoning of Race Tires America and will follow its analysis.

In determining whether ESI-related expenses were taxable as the "costs of making copies of any materials," 28 U.S.C. § 1920(4), the Third Circuit found:

> The decisions that allow taxation of all, or essentially all, electronic discovery consultant charges . . . are untethered from the statutory mooring.

---

[3] The Third Circuit expressly referenced the cases of Mann v. Heckler & Koch Defense, Inc., No. 1:08cv611 (JCC), 2011 WL 1599580 (E.D. Va. Apr. 28, 2011) and Fells v. Virginia Department of Transportation, 605 F. Supp. 2d 740 (E.D. Va. 2009). Race Tires America, 674 F.3d at 170.

4

> Section 1920(4) does not state that all steps that lead up to the production of copies of materials are taxable. It does not authorize taxation merely because today's technology requires technical expertise not ordinarily possessed by the typical legal professional. It does not say that activities that encourage cost savings may be taxed. Section 1920(4) authorizes awarding only the cost of making copies.
>
> . . . .
>
> Those courts that have refused to award the costs of electronic discovery vendors beyond file format conversion have recognized that gathering, preserving, processing, searching, culling, and extracting ESI simply do not amount to "making copies."

Id. at 169-70 (footnote omitted).

The court concluded that of the numerous services the electronic discovery consultants in the case had performed, only the scanning of hard copy documents, the conversion of native files to a TIFF format, and the transfer of VHS tapes to DVDs involved "copying," and that the costs attributable to only those activities were recoverable. Id. at 171. Thus, a prevailing party may recover costs associated with copying or duplicating its files, but it may not receive reimbursement for any other ESI-related expenses. See Mann, 2011 WL 1599580, at *9 (observing that "such tasks as 'Searching and Deduping,' and 'Creation of Native File Database with Full Text and Metadata Extraction'" do not qualify as "copying"); Francisco, 272 F.R.D. at 446 (denying recovery of ESI-related costs where prevailing party failed to show that the methods it employed were "identical to the process of scanning and copying"); Fells, 605 F. Supp. 2d at 743 (defendant's employment of techniques that created electronically searchable documents did not constitute "copying").[4]

---

[4] The court further finds that Gallo's ESI-related expenses do not constitute fees for "exemplification" under 28 U.S.C. § 1920(4). Although courts are split regarding the meaning of "exemplification," the ESI-related costs in this case would not qualify as fees for exemplification under any established construction of the term. See Race Tires America, 674 F.3d at 166 (noting the split among circuits regarding the definition of "exemplification" and finding that ESI-related expenses did not constitute fees for exemplification where the electronic discovery

(continued...)

5

In this case, the court finds that the only tasks that involve copying are the conversion of native files to TIFF and PDF formats and the transfer of files onto CDs. Based on a review of the bill of costs, Gallo is entitled to reimbursement for the following itemized expenses:

(1) 19 March 2010, TIFF Production, $8.46;
(2) 19 March 2010, CD Copy, $10.00;
(3) 2 April 2010, TIFF Production, $4.20;
(4) 16 April 2010, PDF Production, $6.84;
(5) 19 April 2010, CD Copy, $10.00;
(6) 19 April 2010, TIFF Production, $21.96;
(7) 22 June 2010, CD Copy, $10.00;
(8) 23 June 2010, TIFF Production, $134.10;
(9) 25 June 2010, TIFF Production, $3.00;
(10) 1 July 2010, CD Copy, $10.00;
(11) 1 July 2010, TIFF Production, $0.03.

(See D. Jones Decl., Ex. 1, DE # 123-2.)[5] Accordingly, Gallo is entitled to receive a total of $218.59 in ESI-related costs.

Gallo also seeks to recover $350.00 for "[f]ees of the clerk." 28 U.S.C. § 1920(1). Country Vintner acknowledges that Gallo is entitled to this amount (see Pl.'s Obj. Bill of Costs, DE # 125, at 11), and the court grants Gallo's request. Thus, Gallo is entitled to recover a total of $568.59 in costs.[6]

---

[4](...continued)
vendors at issue neither produced illustrative evidence nor authenticated public records); Mann, 2011 WL 1599580, at *8 n.2 (same).

[5] While it is possible that the bill of costs may contain other ESI-related expenses that are taxable, the court is unable to readily discern whether any other listed costs may appropriately be attributed to copying, and, if so, the amount of such costs, particularly because Gallo has included various multi-task entries in the bill of costs. Gallo has not attempted to show that its copying expenses were more than $218.59 despite Country Vintner's explicit argument that Gallo is entitled to recover no more than this amount in ESI-related costs. (See Pl.'s Obj. Bill of Costs, DE # 125, at 16, 22.) As a result, Gallo has not met its burden of supporting its request for reimbursement with respect to any costs other than those listed in this order.

[6] The court notes that it has carefully considered Country Vintner's alternative arguments regarding the denial of reimbursement for all of Gallo's ESI-related expenses and regarding the denial of the bill of costs in its entirety, but finds them to be without merit.

## III. CONCLUSION

Based on the foregoing reasons, Gallo's bill of costs (DE # 123) is GRANTED IN PART and DENIED IN PART. Gallo is AWARDED costs in the amount of $568.59. Additionally, Gallo's motions to strike (DE ## 129, 132) are DENIED.

This 3 August 2012.

                                                          W. Earl Britt
                                                          Senior U.S. District Judge